## JACOBS v. HILL et al.

No. 10133—Opinion Filed March 9, 1920.

Rehearing Denied April 6, 1920.

(Syllabus by the Court.)

**Appeal and Error—Sufficiency of Evidence— Quieting Title.**

In an action to quiet title and cancel deeds, the judgment of the trial court will

be affirmed, unless clearly against the weight of the evidence. Record examined, and held, the judgment is not clearly against the weight of the evidence.

Error from District Court, Okmulgee County; Chas. G. Watts, Judge.

Action by Sarah Jacobs against Josephine Hill and others to quiet title. Judgment for defendants, and plaintiff brings error. Affirmed.

M. M. Alexander and Wallace & Stephens, for plaintiff in error.

Preslie B. Cole, H. G. Baker, and Chas. E. Barrett, for defendant in error Josephine Hill.

C. B. McCrory and Ethel N. Adams, for defendant in error W. B. Wren.

OWEN, C. J. Sarah Jacobs alleges she was the owner in fee simple and in possession of land in controversy; that defendants claimed some adverse interest in the land; and she prayed that her title be quieted. Defendants alleged that Sarah Jacobs conveyed the land by warranty deeds to David Adams and Harry Kemper, who conveyed to Josephine Hill. The case was tried before the court, and judgment rendered in favor of defendants.

The only question presented in the argument and briefs of counsel is the sufficiency of the evidence to sustain the judgment of the trial court.

Sarah Jacobs testified, in substance, that the land was allotted to her as a citizen of the Creek Nation, and denied the execution of deeds to defendants Adams and Kemper.

Defendants offered witnesses who testified, in substance, that Sarah Jacobs executed and delivered the deeds in question. There was an effort made to impeach the testimony of one of these witnesses, and testimony was offered in support of his reputation. The trial court saw the witnesses and heard their testimony, and from our examination of the record, we are unable to say the judgment was clearly against the weight of the evidence.

Under the established rule in such cases, the judgment of the trial court must be affirmed.

KANE, RAINEY, JOHNSON, HIGGINS, and BAILEY, JJ., concur; PITCHFORD, J., dissents.